OPINION
This is an accelerated appeal taken from the decision of the Lake County Court of Common Pleas, Division of Domestic Relations, granting a divorce, dividing marital property, and awarding spousal support.
On November 20, 1998, appellee, Linda Buchal, filed a complaint for divorce against appellant, Jeffrey Buchal. At the time of the complaint, the parties had been married nearly 31 years, appellant's wages were approximately $63,000 per year, and appellee, who had not worked for a large portion of the marriage, made approximately $16,000 per year.
The case was first tried before the magistrate. Appellant presented the magistrate with a plan for the division of the marital property whereby appellant would keep his entire pension and employer SASP account, and appellee would receive the marital home and other property to create an equal division. The magistrate adopted appellant's plan and included it in his decision. The magistrate also recommended that appellant pay appellee $500 per month for twenty-four months as spousal support.
Appellee filed her objections to the magistrate's decision. The trial court modified the magistrate's decision in a judgment entry dated May 24, 2000. These modifications are incorporated in the final judgment entry, filed September 15, 2000. It awarded appellee half of appellant's pension fund and SASP fund, to be held in QDRO, and awarded appellee $1000 per month spousal support, for an indefinite period. The court's judgment maintained an equal division of the marital property.
Appellant raises the following assignments of error:
 "[1.] The trial court abused its discretion in its division of the property.
 "[2.] The trial court abused its discretion in its award of spousal support."
 In his first assignment of error, appellant argues that the court abused its discretion by rejecting the magistrate's division of the marital property in its entirety.
First, it must be noted that the trial court did not reject the magistrate's recommendation in its entirety, as appellant claims. It is clear, from the court's May 24 and September 15 judgment entries, that the court adopted the majority of the magistrate's decision, including the magistrate's findings of fact as to the values of the marital property.
Even if the trial court had rejected the magistrate's decision in its entirety, this does not, in itself, constitute an abuse of discretion. Under Civ.R. 53 (E)(4), a magistrate's decision is not effective unless the court adopts it. The ultimate authority and responsibility for a magistrate's decision is with the court, and the court has a duty to make an independent review of a magistrate's report. Hartt v. Munobe (1993),76 Ohio St.3d 3, 5. The court has discretion to adopt, reject, or modify a magistrate's decision. Civ.R. 53 (E)(4)(b); Polen v. Prines (1990),69 Ohio App.3d 631, 636.
In the case sub judice, the trial court reached conclusions different from those of the magistrate. The court concluded that, while dividing appellant's pension and SASP through a QRDO might be complicated, doing so would provide a more equitable division than the magistrate's decision, because both parties would have roughly equal risks and benefits, a mix of fixed and fluctuating assets, and more flexibility in arranging their affairs. These conclusions are not unreasonable, arbitrary, or unconscionable, and the trial court did not abuse its discretion. Appellant's first assignment of error is without merit.
In his second assignment of error, appellant contends that the trial court abused its discretion by awarding appellee spousal support of $1,000 per month for an indefinite period of time, when the magistrate had recommended support of $500 per month for twenty-four months. Appellant argues that this decision is unsupported by the facts brought forth at trial.
It is generally preferable for a court to award spousal support for a period of time with a definite ending if the payee spouse has the resources, ability and potential to be self-supporting. Kunkle v.Kunkle (1990), 51 Ohio St.3d 64, paragraph one of the syllabus. This rule, however, is not absolute. When the marriage was one of long duration, the parties are of an advanced age, or the spouse was a homemaker with little opportunity to develop meaningful employment outside of the home, an award of spousal support for an indefinite time may be appropriate. Id.
The trial court determined that, based on the totality of the evidence before the magistrate and the exception set forth in Kunkle, supra, an award of spousal support for an indefinite time was appropriate. The court based its decision on these facts: the marriage was of long duration, lasting thirty-one years; appellant had been the bread winner and appellee had been a homemaker, caring for the couple's child; and, appellee, even though working to the fullest of her capacity, was barely able to earn more than minimum wage.
Although the trial court reached conclusions on spousal support that differed from the magistrate's decision on the issue, these conclusions were not unreasonable, arbitrary, or unconscionable, and the trial court did not abuse its discretion. Appellant's second assignment of error is without merit.
For the foregoing reasons, we affirm the judgment of the Lake County Court of Common Pleas, Domestic Relations Division.
JUDGE ROBERT A. NADER, FORD, P.J., CHRISTLEY, J., concur.